**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| PASCUAL GIOVANI RESINCOY RAMOS, | No. 23-25 |
| Petitioner, | |
| v. | Agency No. A208-081-349 |
| PAMELA BONDI, Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted October 24, 2025**
Pasadena, California

Before: IKUTA, R. NELSON, and VANDYKE, Circuit Judges.

Pascual Gionvani Resincoy Ramos seeks review of the Board of

Immigration Appeals's (BIA) denial of his applications for cancellation of

removal, withholding of removal, and Convention Against Torture (CAT) relief.

We have jurisdiction under 8 U.S.C. § 1252. We deny the petition.

---

* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

** The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

The BIA determined that Resincoy's evidence in support of his application for cancellation of removal (which included country condition reports and general allegations about increased violence, poorer educational opportunities, and inferior financial conditions in Guatemala) was insufficient to establish that his removal would result in "exceptional and extremely unusual hardship" to his three United States citizen children. 8 U.S.C. § 1229b(b)(1)(D). Because evidence that applies equally to a "large proportion of removal cases" does not compel the conclusion that the hardship a qualifying relative faces "deviate[s], in the extreme, from the norm," substantial evidence supports the BIA's denial of Resincoy's application for cancellation of removal. *Gonzalez-Juarez v. Bondi*, 137 F.4th 996, 1006–08 (9th Cir. 2025).

The BIA's denial of Resincoy's application for withholding of removal was supported by substantial evidence. Because Resincoy's asylum application, hearing testimony, and written declaration failed to raise his religious persecution claim before the immigration judge (IJ), the BIA was correct in holding that it was not required to entertain issues raised for the first time on appeal. *Honcharov v. Barr*, 924 F.3d 1293, 1297 (9th Cir. 2019). Substantial evidence supports the BIA's determination that Resincoy's claim of persecution based on an anti-gang political opinion failed, because the mere refusal to support or join a gang does not

constitute a political opinion. *Barrios v. Holder*, 581 F.3d 849, 854–56 (9th Cir. 2009). Finally, the BIA correctly determined that Resincoy's claimed particular social group of returnees to Guatemala was too broad to qualify as a cognizable social group. *Delgado-Ortiz v. Holder*, 600 F.3d 1148, 1151–52 (9th Cir. 2010).

The BIA denied Resincoy's application for CAT relief after having considered "country condition reports [Resincoy] introduced into evidence." *Almaghzar v. Gonzales*, 457 F.3d 915, 923 n.11 (9th Cir. 2006). Substantial evidence supports the BIA's determination that Resincoy failed to show he faced a "particularized, ongoing risk of future torture," and Resincoy presented no evidence to compel a contrary result. *Tzompantzi-Salazar v. Garland*, 32 F.4th 696, 706–707 (9th Cir. 2022).

**DENIED.**